Can the clerk call the first case, please? 15-45A, Genis Spadoni v. United Airlines. Counsel, would you approach, please, and introduce yourselves? Good morning, Your Honors. My name is Nick Hagman. I represent the plaintiff appellant, Genis Spadoni. I'm sorry, could you spell your last name for me? Sure. H-A-G-M-A-N. Thank you. I'm Sondra Hemrick. I represent United Airlines, the appellee. Can you spell your last name? H-E-M-E-R-Y-C-K. Thank you. Each side will have 20 minutes. The appellant may reserve time for rebuttal. Let me know. Just a reminder, the microphone is a recording device. It doesn't amplify, so you have to remember to speak up. How much time would the appellant like for rebuttal? Four minutes, Your Honors. All right. And just as a reminder, we have read your briefs. We have read your arguments. You may highlight the key points, but we would just advise you to use your time to go through the arguments that you'd like to point out. Okay? All right. Go ahead. May it please the Court. As I previously stated, my name is Nick Hagman, and I represent the plaintiff appellant, Gina Spadoni, in this matter. This case is before this Court on appeal from the District Court's decision dismissing the case. The Circuit Court judge found that the case should be dismissed for two reasons. One, plaintiff's single claim for a breach of contract without regard to the covenant of good faith failed to state a claim for relief. And two, with regard to the covenant of good faith, her claim was preempted by the Airline Deregulation Act of 1978 or the ADA. The Circuit Court erred as plaintiff only brought one cause of action in this case, a breach of contract. Counsel, what's the term under the contract of carriage that you're alleging was breached? It is Rule 23, which states that United Airlines will generally carry a plaintiff's checked baggage on the same flight as the plaintiff. Implying the covenant of good faith here, United Airlines breached their discretionary obligation in performing that contractual obligation. Plaintiff's claim is not preempted by the ADA for two reasons. In that in Illinois, parties can waive the covenant of good faith. And two, the covenant of good faith in Illinois does not imply policy. These are the reasons that the Supreme Court reviewed in Northwest v. Ginsburg. Can I ask you a question? You cited cases referring to, it's almost, you know, cut and paste language. Implied covenants of good faith and fair dealing are part of the contract except where there's a, quote, express disavowal of that covenant. Has there been an Illinois decision actually finding an express disavowal in any contract cases? No, Your Honor. There is not, to my knowledge, been any case where a court has said that a party has expressly disavowed that contract. So what is that? Is it just dicta then? No, Your Honor. It's that parties in these cases have never expressly done so. Constantly, this court and others have reviewed these contracts where they have general waivers, such as parties who claim all defenses. And there, including Chemical Bank v. Paul, this court reviewed such a general waiver and said that that was not an express disavowal, but upheld the rule, as noted in Foster, which was said to be part of the state's heritage, that parties can expressly disclaim the covenant of good faith in contracts. Counsel, let me ask you a question. Does the covenant, the duty of good faith and fair dealing, is it part of the analysis of every contract, or does it have to be something about the contract that's either in dispute or there's confusion about it, or is it always a part of the analysis? Well, I would say that it's implied into every contract, whether a breach would be determined as a breach of also the implied duty of good faith. That could possibly be, but a much simpler thing, such as a contract of sale, where one party does not perform the sale or purchase, it's much simpler to analyze it as just a simple breach of the contract, but that party had a good faith duty in fulfilling their obligation, such as selling or buying, which is why this court and others have said that the duty of good faith is implied into every contract in Illinois. So do you think there's a conflict of the construction of the section that you point out that you say was breached, if there's a conflict inherently in that section? Yes, Your Honor, and that is applying United's unstated policy of preferring cargo over passenger bags on passenger airplanes. Although that's not anywhere in that section, is it? No, Your Honor, which is why it is their unstated policy and why plaintiffs cannot have to allege that on information and belief, but that these are passenger airplanes. Their duty of good faith, as this court recently stated in the Cleary, is to uphold the reasonable expectations of the parties when entering into the contract. And in this instance, on a passenger airplane carrying passenger baggage, the reasonable expectation is that they will carry that passenger cargo or passenger baggage as opposed to cargo for other means, which could be transported on a cargo plane instead of a passenger plane. Yes, what's the extent of your information and belief relative to this policy at the airline? Your Honor, it's, I guess I can't point to any specific facts on the record beyond the allegations in the complaint. However, parties are allowed to allege allegations on information and belief when that information is not available to them ahead of discovery. As this case was dismissed on a motion to dismiss and the parties did not engage in discovery, plaintiff did not have an opportunity to verify her allegation. You well pleaded it. You well pleaded that. Exactly. You well pleaded it as a fact, and we're here on a review of a motion. Yes, Your Honor. So for the purposes of our review, we take it as a given. Yes, Your Honor, in that, yes, the court must take all facts in the complaint as true and construe all inferences in favor of plaintiff. Turning to some of the cases that defendants cited, claiming that the parties cannot waive a good faith, such as Morris and BA Mortgage, those were federal district court cases interpreting Illinois law. Further, Morris, which BA Mortgage then cited to, did not cite to any Illinois law when holding that parties cannot waive the duty of good faith. And, in fact, cases since then, such as Chemical Bank, have held that in Illinois parties can waive the duty of good faith, it just must be through an express disavowal as opposed to a general waiver. The second reason that the court in Ginsburg, the Supreme Court, held that the duty of good faith in that case was preempted by the ADA was because in that case it imposed policy into the contracts. Citing the Minnesota Supreme Court case Hunt v. IBM, where the Minnesota court held that the duty of good faith did not apply to employment contracts based on policy reasons. In Illinois, the duty of good faith applies to every contract, and there was no policy distinction. Further, courts in Illinois have said that the duty of good faith is merely a tool for construing the obligations in the agreement and upholding the reasonable expectations of the parties. Because it was the parties' expectations and not some outside policy, the duty of good faith does not enlarge the scope of the agreement, but merely upholds the obligations and the terms that the parties voluntarily agreed to. Merely the fact that the policy is implied, as opposed to expressed in the contract, does not mean that it is policy based. The Supreme Court could have easily held that in Ginsburg. Instead, they went through the analysis to determine whether the parties could waive it or whether it implied policy. Counsel, let me ask you, if you demand that your luggage be there when you get off the plane, which is what your client is demanding, is that right, in exchange for the $25? Not an ultimate, not a demand that every time, but only that United not have this unwritten policy that they prefer cargo over passenger luggage when the airplane is reaching the maximum height under the FAA guidelines. It's not a question, really, then. It's not really a breach of an express obligation under Rule 23. I think it's A7, right, or whatever, A8. You're complaining about a nondisclosure. You're complaining about sort of a concealment of a policy, nondisclosure of a policy, a failure to, you know, advise the passengers what some of the maybe the guidelines for discretion would be. Well, Your Honor, the fact that they did not disclose the policy just upholds the passengers' reasonable expectation that their passenger luggage on a passenger airplane would receive preference over cargo. But my question is, where do you see that? Where is there the word preference, priority, you know, even best efforts, which is common language, right, in the particular contract or anywhere, not just Rule 23.8.8. I mean, the word generally, will be generally carried, does that imply a limitation? Yes, it does, Your Honor, but in this case, the expectation would be, say, that multiple people bring multiple bags, and through the passengers' checked baggage, it is getting to that limit. However, United's policy of preferring cargo over passenger luggage is what is contrary to the passengers' reasonable expectations here. And yes, the contract does give them some discretion, and plaintiff recognizes that that is necessary if too much passenger luggage is on the airplane and they would not be able to fly with all that passenger luggage. But by choosing to ship cargo, because otherwise United would have to refund those fees, as opposed to not refunding the passengers' checked baggage fees, is what is contrary to the reasonable expectation of plaintiff and other passengers on the plane. So are you saying there's no breach? No, Your Honor. I'm saying that their policy of preferring the cargo is a breach, in that they do not inform parties or passengers when it is getting near the limit, and they are harming their contracting partner by making them pay fees but not receive their luggage when they arrive at the airport. Well, on an objective basis, they can do what they do if under the terms of the contract they comply and meet with whether or not their action is practical or impractical. There is an operative word in the contract, the claim check that they are given, that if it's a practical consideration that they're working with and they're using good discretion, it's okay. Now, your lawsuit is based upon their actions being motivated solely for economic reasons. Do economic reasons fall within a definition of what would be practical? It's not just economic reasons, Your Honor, but it's also obviously there's the consideration of the flight would not be able to take off. And then when they have to choose between which luggage to take off or which cargo to take off, they choose the passenger's luggage, which is an economic reason, but it also is directly in contrast to their contracting partner's expectations in the contract. Well, they could take off cargo. They don't have to take off. They have a choice. And if they elect to take the passenger's baggage off, that's to their economic benefit. Yes, it is. If they remove the cargo, they have to refund the money to the shipper, I mean to the person who placed the item for shipping. Yes, Your Honor. So is that a practical consideration under the terms of the contract that is written in the claim check that the customer receives when they pay their $25 to have their bag checked in? It is a consideration, but the contract here is between United and passengers and not United and the people they contract with to ship the cargo. They can easily ship the cargo on any other planes. They could find planes that are not approaching that weight limit, and they could put the cargo on there. However, it is essential for passengers to receive their luggage when they arrive, such as Plaintiff had here. She might have medication in her luggage and other things that are necessary for her to have when she arrives in the destination city, whereas the shipment of cargo could be on a plane an hour or so later and that would not affect that shipment. You're saying there's no enlargement agreement between the parties whatsoever? No, Your Honor, there's not any enlargement because it's just the expectations of the parties. And as this Court stated recently in McCleary, just because a contract vests a party with sole discretion does not mean that that party has unfettered discretion. It still requires that a party invested with discretion to exercise it with a proper motive, not arbitrarily, capriciously, or in a manner inconsistent with the party's reasonable expectations. Counsel, she got to LA and she got everything, right? Eventually, that evening, she gets her luggage. United has it delivered to her just like it says it's going to do under the rule, right? They put it on the next possible flight. She gets reimbursed. All of the things that she incurred in trying to replace the items. Where's the damage? Well, Your Honor, first, taking just the facts that are in the complaint, the record does not state that once she received her luggage or that she was reimbursed. It merely said that the allegations of the complaint that she was damaged because she did not have her luggage when she arrived. Okay, but both of you discussed it in the footnotes of both of your briefs. So let's address it. Well, actually, in Plaintiff's brief, she said that that was an improper citation in United's brief because there are no facts in the record to prove that. There are merely erring facts without any sort of affidavit or any answer to the complaint. This was on a Section 2619 motion. United very easily could have attached an affidavit to that, which is common practice, and included any facts about whether Plaintiff had received any compensation. However, those facts are not before this Court because there was no facts added to the record and it is merely on a motion to dismiss based on the complaint only. Even then, Plaintiff still alleges damages under the contract. She seeks compensatory damages, which are, as Illinois courts have stated, those damages which are necessary to put the party in the right place had the contract been performed. Here, had United not had this policy of preferring cargo over passenger luggage, her luggage would have arrived with her when she arrived at her destination and she would have had all the clothes that she needed, all the toiletries, and her medication. Instead, that was delayed and she suffered damages there. Further, the damages that Plaintiff seeks are not expanding the scope of the contract. They are contemplated by the contract of carriage. Rule 28 of the contract sets United's liability for delay in carrying of baggage to $3,400. Further, as United acknowledged in their brief, they are liable for the actual loss of the Plaintiff, which, as many courts, including the United States Supreme Court have interpreted, are compensatory damages. Therefore, what Plaintiff seeks are allowed by the contract, not expanded by the scope, and she fully states a claim for relief for breach of the implied duty of good faith in this contract. Counsel, I'll allow you another minute to close your argument. As this is before this Court on a motion to dismiss based on the complaint, this Court must take all facts and allegations in Plaintiff's favor. Plaintiff sufficiently stated a claim for relief in that there was a contract, United breached that contract by failing to comply with the duty of good faith, and Plaintiff's claim that the implied duty of good faith in this contract exists is not preempted by the ADA because it can be waived and it is merely a tool for construing the party's obligations. For those reasons, Plaintiff asks that this Court reverse the ruling of the Circuit Court. Thank you. May it please the Court, Counsel, again, my name is Sondra Hemrick, and I represent the Appellee United Airlines in this case. The Plaintiff admits in her briefs and in this argument that she cannot state a claim here unless she invokes the implied covenant of good faith in the contract. By doing that, and specifically doing it to try to imply into the contract a provision that is nowhere found, which is to prioritize passenger baggage over cargo, she clearly seeks to use the implied covenant to expand United's obligations beyond what United voluntarily undertook in the contract, and therefore, under Ginsburg, that claim is preempted. I do want to respond to a few of the statements, some of the questions that the Court asked Plaintiff's Counsel, and also some of the statements that Plaintiff's Counsel made. First, Judge Liu, you specifically asked the Court, I believe it was you, specifically asked Plaintiff, what's the term you're alleging is breached? And significantly, I think, Ms. Spadone's Counsel didn't read you the whole provision, which I think is very telling here. What Ms. Spadone's Counsel said was, checked baggage will generally be carried on the same aircraft as the passenger. And then he stopped. But what's critical here is the rest of that provision, which says, unless such carriage is deemed impractical by carrier, in which event the carrier will make arrangements to transport the baggage on the next flight on which space is available. It's exactly what happened here. And Ms. Spadone alleges that in her complaint. When passenger luggage, whatever, is kicked off the plane in favor of cargo, there's an economic reason behind United's motivation. So here's how I would address that, Your Honor. How can you define economic reasons as being an element of practical or impractical consideration? The consideration, the practicality issue, as alleged in Ms. Spadone's complaint, is whether the plane is too heavy to take off. And when the plane is too heavy to take off, again, that's her allegation. Her allegation is that the plane is too heavy to take off, and therefore United has to make a decision as to whether it is practical to carry her bag, given that the plane is too heavy to take off. In this particular case, her allegation is, in order to make the weight, United removed cargo. There are lots of other things that go into the determination of whether or not the plane is too heavy to take off, but it has to be up to United to decide, given that the plane is approaching weight or overweight, is it practical to carry her bag? And there's lots of considerations to go into that. So that's, to me, the practical determination. Is it practical or impractical to carry her bag, given that the plane is going to be overweight? United can then exercise that discretion, and the fact that according to her, and by the way, we're taking this as true for the sake of the case. It's, in fact, not true. But assuming for the sake of the argument that her allegation that the reason that, first of all, that United favors cargo, which is not true, and second, that it does so for an economic reason, that's completely within the bounds of United's discretion, even in the cases that plaintiffs cite. There are plaintiffs' case cases. No, I'd like to differ with you. I'll tell you. United has sole discretion, but they cannot abuse that discretion. But there's nothing in there. Everyone on this panel is well aware of discretion and abusing it. And if United, as a policy, is removing passenger baggage off the plane for economic reasons and keeping on the cargo baggage, then they're not exercising discretion. They've decided, as a matter of fact, they're going to favor the cargo baggage for economic reasons, and that may very well be an abuse of discretion. Well, I would disagree with that for several reasons, Your Honor. First of all, again, the implied covenant of good faith and fair dealing, according to plaintiff, is used as a rule of construction where you've got a provision that is subject to or reasonably susceptible to two different constructions. There's no allegation of that here. So that doesn't really come into play. One moment. The consumer here, the passenger, didn't bargain with United on the terms on their claim check. There was no act of bargaining. The election of the word impractical was the authorship of United. Yes, but the passenger knows. Isn't that akin to being a contract which one would call an adhesion contract, one of adhesion? I don't believe it is, Your Honor, because there are plenty of airlines that one can fly in. There's no requirement that you fly in United as opposed to American or Delta. And, again, that's what the ADA recognizes. If she doesn't like the terms for checking baggage on United, she can fly in Delta or American. Once the passenger elects United, they're stuck with United's contract of adhesion, which impresses upon them this impractical standard. I would also say, Your Honor, I don't think that whether it's a contract of adhesion is relevant. I mean, the courts have said that's not a relevant consideration. It will be relevant because contracts of adhesion are normally, when vague or ambiguous, get construed to the disadvantage of the author. But she has not argued this contract is vague or ambiguous. That's not an argument she's making. She agrees that it's unambiguous and it gives United discretion. And to return to your question, Your Honor, about whether it would be an abuse of United's discretion to favor cargo because, as Plaintiff alleges, that's an economic benefit to United, that's actually not an abuse of discretion. The courts in Illinois have said very clearly that a legitimate business reason for exercising discretion in a certain way does not abuse that discretion, does not state a claim for good faith and fair dealing. And that's the Amico case. The Gore case is another one. I believe also the, where is that case? Let me find it. Oh, it was the Midwest engineering case, which is cited by the Plaintiff. So even if you take her allegations as true, that, I mean, United is a profit-making entity. It has shareholders. For purposes of a motion, we take her allegations. Absolutely. Absolutely. And I'm sure you will, Mr. But I'd also point out her allegation, her claim that somehow it is contrary to the party's reasonable expectations for United to favor passenger baggage, I mean, to favor cargo over passenger baggage, there's no, there's nothing in the complaint to support that. It's just a conclusory allegation. I don't believe it is well-pledged, Your Honor.  I don't believe a passenger has a reasonable expectation to have their baggage meet them at the airport on arrival. I don't think she has a reasonable expectation, given the language of the contract, which recognizes that United may deem it impractical to carry her bag on her flight, and will put it on the next flight. Given that language, I don't see how she can have a reasonable expectation, absent any factual allegations to support it, that her baggage would be prioritized over anything else. There's nothing in this about priority. Which, again, takes us back to the preemption issue. That she, the Supreme Court in Ginsburg says, and this is what holding was, and it used the term holding specifically. I mean, the Supreme Court knows what it means when it says, we hold that. And what the Supreme Court said was, a state law claim for breach of the implied covenant of good faith and fair dealing is preempted, quote, if it seeks to enlarge the contractual obligations that the parties voluntarily adopt. And what she's trying to do here is use the implied covenant of good faith and fair dealing to read into the contract of carriage a requirement that United prioritize passenger baggage over cargo that doesn't appear anywhere there. That's preemption. Counsel, can I ask you, is there a definition section in the contract? Any of the words defined? Yes, there is a definition section. Is impractical defined? I do not believe impractical is defined. I know passenger is defined, baggage is defined. I don't believe impractical is defined. My associate tells me it's not. Counsel, I have a question. Yes. I want to go back to this, your statement that United was justified in, you know, taking the baggage off and putting it on the next flight. And you referenced the fact that it would not comply. It would violate the weight requirements for the aircraft carrier, right? But under Rule 23.88, I just want to make sure what your position is. Are you saying that is deemed impractical by carrier? Does that phrase, does it confer complete discretion? Or are you saying that is deemed impractical means the same as is determined to be in violation? Is it determined to be in noncompliance? Are you requiring some kind of component of noncompliance in order? No. That is simply her allegation. Our position is that is deemed impractical, as she alleges, and we agree, gives United sole discretion to decide. What if you have one passenger that wants to carry on 20 pieces of luggage? It's the Kardashians traveling. Would that be impractical? Can you kick off somebody else's luggage? Again, I think it's entirely in United's discretion to decide whether or not it's impractical to carry any given passenger's luggage. And there aren't any specific requirements in here, and I think that's deliberate. United has to be able, you know, it's flying the airplane. It has to be able to decide what goes in the baggage compartment, what doesn't go in the baggage compartment, under what circumstances it can go in the baggage compartment. For example, it might be impractical. Say someone was flying on, you know, they had a connecting flight. They're flying through O'Hare, and, you know, the plane shockingly was late getting in, and they're trying to transfer to a flight going out to San Francisco. And they land, and they run, run, run, run, and they make their gate, but the baggage can't get off the plane in time to get on their next flight. It just can't get on. It's impractical. I mean, United has to be able to say that. United can't have some kind of obligation to, you know, send somebody in to pull out that particular bag and have everybody else's to make sure it gets on. There's too many variables, and that's why United has to have the discretion and why it reserves the discretion and why the plaintiff knows that. Yes? As far as your opponent's argument that there is no enlargement of the agreement, do you want to respond to that in any way? He claims there is no enlargement. Absolutely there is no enlargement, again, because it doesn't say anything in this provision. He is looking to impose a very specific requirement, which is, and he actually said at the very beginning, he said that her bag has to arrive with her at her flight. And, even more specifically, it has to be prioritized over cargo. Again, there's nothing in this provision that says that. So by definition, whether you think it's a good idea, Judge Harris, or a bad idea, whether passenger baggage should be prioritized or cargo should be prioritized, there's no question that right now, in this contract, United has no obligation to prioritize passenger baggage over cargo or over, you know, the ice in the drink cart or over anything else. Her argument would expand United's obligations by imposing that extracontractual obligation. So, therefore, it is preempt. I did want to address, and this is a presentation of this issue, I would like to address a couple of other things. One is the chemical bank case. The chemical bank case does quote, as Judge Conners characterized it, the cut and paste language about absent express disavowal. I believe that was you, Judge Conners. But I would disagree with plaintiff's characterization of that case as having held that, actually having held, that the implied covenant can be expressly disavowed. In fact, the court in that case didn't just rely on the fact that there was no express disavowal. The court relied on strong public policy to say, we're not going to enforce a waiver, or an implied waiver, or an attempted waiver of the implied covenant. And also relied on the fact that the plaintiff wasn't able to identify a single case where the implied covenant had actually ever been expressly disavowed. Again, suggesting that this court recognized that this may not actually be possible. It may just be this cut and paste language. With respect to that language, we actually did do a little sleuthing. That language first appears in the Foster Enterprises v. Germania Savings and Loan case from the Third District in 1981. And the court in Foster stated that, quote, there cannot be any doubt that a covenant of fair dealing and good faith is implied into every contract absent express disavowal. So that's where the language comes from. But the court doesn't cite any case for that language. And then goes on to say, quote, this rule has been codified in the law of sales and negotiable instruments and is a part of our common law heritage, unquote. For this proposition that the rule is part of a common law heritage, the rule that there's an implied covenant of good faith and fair dealing, foster courts cite six Illinois cases and one federal case, every one of which held that there's an implied covenant but not one of which addressed any express disavowal. And then they also said in the UCC section, which states every contract or duty of this act imposes an obligation of good faith in its performance or enforcement. Again, no mention of express disavowal. So as far as the cases suggest, the court just kind of threw in that absent express disavowal language at the end of the sentence. Courts have been repeating it since, citing back to Foster Enterprises, without apparently it ever actually having been applied anywhere in Illinois. And I know I'm running out of time. If I could, with respect to the remedies issue, and a couple of significant facts here. There is no allegation in the complaint that the plaintiff incurred any damages that she wasn't reimbursed for. And as we know, she could not have truthfully made such an allegation. That's an issue for proof of whether or not she was reimbursed, right? And she alleged damages. She said, I want relief in the form of amount of checked baggage fees, I want time and money spent locating my delayed baggage, and I have other economic damages. Isn't that sufficient? So I would say not for a few reasons, Your Honor. One is with respect to the first component of that, the refund. The baggage fees aren't refundable. I mean, that's absolutely clear under the contract of carriage. So that's not a remedy that's available at all. In addition, the contract of carriage excludes consequential or special damages, which would include these delay damages, time and money spent by her. And on that point, I would look at the question. You're saying these are not well pledged damages? Exactly. I would say, well, some of them she can't get at all under the contract. And she doesn't actually plead any damages that she is entitled to get. So she doesn't, for example, plead I had an actual loss due to the delay of my baggage. Contract action? I'm sorry? Contract action? That's what we have here? Yes. If there's a finding of breach under the law, she's entitled to at least a penny? Isn't she? No, I would say no, Your Honor, because there's an exclusive remedy provision within the breach of contract, and she has to allege damages and prove damages in accordance with the breach of contract. We're in a motion stage now. But she has to at least allege it. Did she allege adequately to abstain the motion? I would say no, Your Honor, she did not. Well, counsel, didn't you argue? I mean, this is also combined 2-619. So you've argued that she's not entitled to a refund or time and money as consequential and special as a result of law, right? She's precluded from it as a matter of law under 2-619. This isn't just a pleading issue. Yes, exactly right. But she's entitled to is to recover the damages that are provided for expressly in the contract of carriage, which require her to comply with specific provisions and procedures. She has to submit her claim to United within a certain amount of time. She doesn't allege she did that. This is very much like the Moody case, actually. I would direct the Court to the Moody case. That was a Federal Express case also, in fact, relating to the ADA. And in the Moody case, the plaintiff didn't allege that she had done any of the things that were necessary to get the only remedy that was provided under the contract. And the Court said, case dismissed. And it was affirmed. This case presents the same situation. She has not pleaded. The other type of damage, anything outside the contract, again, general kind of compensatory damage, Your Honor, that would be preempted by the ADA because the contract has a specific remedies provision. And if she doesn't sufficiently allege a claim for those remedies, then she's outside the contract and we're back to the preemption. So I'm not saying we can't consider it. But the trial court didn't rule on that basis. The trial court did not. So in closing, I think I'm almost out of time, I want to take a step back here to kind of look at the big picture. What plaintiff is, in effect, asking this Court to do is to decide how United, and by implication other airlines, should operate their baggage carriage businesses. She wants this Court to decide what United should carry in the baggage compartments of its planes, how it should prioritize among items, if, for example, an aircraft is overweight, or if there's any other reason it needs to prioritize, and when United may deem carriage of a passenger's bag on that passenger's flight impractical. This Court should decline the plaintiff's invitation to interfere in those kinds of decisions because it would be inconsistent not only with the ADA, but also with the FAA's regulation of airline baggage operations. The trial court's dismissal should be affirmed. Thank you. A few brief points, Your Honor. Plaintiff is not asking this Court to impose specific requirements into the contract, as the defendant said. Instead, plaintiff merely requests that this Court require United to comply with their voluntary obligation of the covenant of good faith, which was implied into that contract the moment it was created, which requires United to not act with an improper motive or contrary to the reasonable expectations of the parties. There's not some nebulous thing about whether the person changing planes could maybe not get their luggage in time. It is based on the specific allegation of the complaint that United has a policy of preferring cargo over a passenger's checked baggage. Further, in United's argument that this would require the Court to impose costs on United in doing this, this is an argument that the Supreme Court expressly rejected in Ginsburg, where it held that the implied covenant is not preempted by the ADA and can be used as a means for covering. And if that imposed costs, then that would maybe not enhance the attractiveness of the program. An airline can decide whether the benefits of such a provision waiving the covenant are worth the potential costs. And finally, on the argument of damages, plaintiff's damages here are compensatory, as they were not incurred had United not breached the contract. But to the extent that United argues that they are consequential damages and the contract prohibits consequential damages, plaintiff would just direct this quote to the Schultz v. United case, which is a Washington case. That court generally cited to a federal regulation, but did not quote, prohibits airline carriers from limiting their liability for direct or consequential damages to less than $3,500. However, plaintiff feels that her damages are compensatory, as they would not have occurred had United not preferred cargo and breached their duty of good faith, which was implied in the contract and was their voluntary obligation by not expressly waiving it when the contract was formed. For those reasons, plaintiff requests this quote, reverse the decision of the district court and remand. Thank you. Counsel, thank you for your excellent preparation and presentation of the briefs and arguments. The court will take the issues under advisement. Thank you.